UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUAN GRAY                                                                                          PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:17-CV-362-DPJ-FKB

CHRISTY GUTHERZ, IN HER INDIVIDUAL CAPACITY,
AND MISSISSIPPI DEPARTMENT OF CORRECTIONS                                  DEFENDANTS

ORDER

Defendants moved to dismiss certain claims in this employment-discrimination case. Because the Title VII claim against the individual defendant, the § 1983 claim against the state agency, and the right-of-association claim against all Defendants are not legally viable, partial dismissal is warranted.

I.      Facts and Procedural History

Juan Gray, an African-American, worked as a probation officer for the Mississippi Department of Corrections ("MDOC"), while simultaneously serving as the police chief of the City of Gloster, Mississippi. At MDOC, he encountered two supervisors: his first-level supervisor Priscilla Tenner (who is African American) and Tenner's supervisor, Defendant Christine Gutherz (who is Caucasian).

According to Gray, Tenner had complained in the past of Gutherz's discriminatory treatment of African Americans. He claims MDOC employees told him to distance himself from Tenner, because of this history. Gray refused and thinks Defendants consequently denied him permission to drive his service vehicle to and from Gloster. He similarly suggests this prohibition was racially motivated because MDOC allowed Caucasian probation officers to use their service vehicles to travel between agencies.

Gray also says Defendants discriminated against him on account of his race by later telling him he could not serve as Gloster's police chief, while allowing at least five Caucasian employees to hold outside employment. Then, after four months of employment, Defendants terminated Gray, purportedly because two offenders "absconded on his watch." Compl. [1] at 4. But Gray says the Caucasian officer responsible for putting the electronic monitoring devices on those offenders was retained.

Aggrieved, Gray filed a complaint with the Equal Employment Opportunity Commission and this lawsuit, alleging claims of race discrimination under Title VII and 42 U.S.C. § 1983. He also advances a count entitled "First Amendment Right of Association," challenging the alleged retaliation for associating with Tenner. *Id.* at 5.

In their motion, Defendants seek dismissal of the Title VII claim against Gutherz, the § 1983 claim against MDOC, and the right-of-association claim against all Defendants. Plaintiff did not respond in opposition, and the time to do so has passed. The Court finds Defendants' motion should be granted.

II.  Legal Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

III.    Analysis

   A.    Title VII

Defendants say that Gray's Title VII claim against Gutherz in her individual capacity must be dismissed because only an employer is subject to liability. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (same). Defendants are correct; the Title VII claim against Gutherz is dismissed.

   B.    Section 1983

Defendants next point out that the Eleventh Amendment bars Gray's § 1983 claim against MDOC. *See Williams v. Miss. Dep't of Corr.*, No. 3:12-CV-259-CWR-FKB, 2012 WL 2052101, at *1 (S.D. Miss. June 6, 2012) (dismissing § 1983 claims against MDOC based on the Eleventh Amendment); *see also Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983."). Gray's § 1983 claim against MDOC is dismissed.

   C.    Right-of-Association Claim

Lastly, Defendants say that Gray's right-of-association claim fails because it is no more than a social association that is not protected by the First Amendment. As explained by the Supreme Court:

> While the First Amendment does not in terms protect a "right of association," our cases have recognized that it embraces such a right in certain circumstances. In

3

> *Roberts v. United States Jaycees*, 468 U.S. 609, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984), we noted two different sorts of "freedom of association" that are protected by the United States Constitution:
>
>> "Our decisions have referred to constitutionally protected 'freedom of association' in two distinct senses. In one line of decisions, the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association receives protection as a fundamental element of personal liberty. In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion." *Id.* [ ] at 617–618, 104 S. Ct. [ ] at 3249.

*City of Dallas v. Stanglin*, 490 U.S. 19, 23–24 (1986). These two categories have been described as "intimate association" and "expressive association." *Tillman v. City of West Point, Miss.*, 953 F. Supp. 145, 150 (N.D. Miss. 1996).

Gray says Defendants retaliated against him "because of his association with Tenner . . . who accused Gutherz of racial discrimination." Compl. [1] at 5. But he does not allege that he spoke out against discrimination on Tenner's behalf or that the two acted in concert; he merely alleges that he "associated" with her and "refused to distance himself from [her]." *Id.* at 3. These allegations do not suggest that Gray falls under the expressive-association protection. *See Twombly*, 550 U.S. at 555; *see also Swanson, City of Bruce, Miss.*, 105 F. App'x 540, 542 (5th Cir. 2004) (affirming dismissal of association claim of police officer with history of defending the African-American police chief from the board of alderman's racist remarks and conduct, because the "employment relationship [did not] arise for the purpose of engaging in protected speech"); *Knight v. Hous. Cmty. Coll.*, No. H-05-0319, 2006 WL 3227329, at *4 (S.D. Tex. Nov.

4

3, 2006) (finding college professor's claim that the dean of development told a coworker "not to talk to [him]" did not implicate constitutionally protected right of expressive association).

Likewise, the intimate-association protection is inapplicable, because it is typically extended to "intimate or private relationships," including marriage, bearing and raising children, cohabitation, and other "deep attachments and commitments." *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987) (internal citations and quotations omitted); *see Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1052 (5th Cir. 1996) (finding right of association did not extend to coach-player relationships). At most, the relationship Gray describes is that of colleagues. *See Swanson*, 105 F. App'x at 542 (noting "social and professional" relationship between police officer and police chief did not constitute an intimate relationship). Gray has not alleged a plausible right-of-association claim.

IV. Conclusion

For the reasons stated, the Court finds Defendants' motion to dismiss should be granted. Plaintiff's § 1983 claim against MDOC is dismissed; Plaintiff's Title VII claim against Gutherz is dismissed; and Plaintiff's right-of-association claim is dismissed as to all Defendants.

The stay of discovery, entered August 16, 2017, is lifted. The parties are directed to contact Magistrate Judge F. Keith Ball within seven (7) days to schedule a telephonic case management conference.

**SO ORDERED AND ADJUDGED** this the 5th day of September, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE